H. D. FILSON, Plaintiff,

v.

INTERSTATE COMMERCE COMMIS-
SION and United States of America,
Defendants,

and

Illinois-California Express, Inc., et al.,
Defendant Interveners.

Civ. A. No. 6387.

United States District Court
D. Colorado.

April 11, 1960.

A. E. Small, Jr., Denver, Colo., for plaintiff.

Donald G. Brotzman, U. S. Atty., Denver, Colo., Carroll T. Prince, Jr., Office of Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for defendants.

Barry & Boyle, Herbert M. Boyle, John F. Mueller, Denver, Colo., Axelrod, Goodman & Steiner, Chicago, Ill., Stockton, Linville & Lewis, Truman A. Stockton, Jr., and John H. Lewis, Denver, Colo., for defendant-interveners.

Before BREITENSTEIN, Circuit Judge, and KERR and ARRAJ, District Judges.

ARRAJ, District Judge.

This matter is before the Court on plaintiff's complaint challenging the report of the Interstate Commerce Commission of March 27, 1958, which denied plaintiff a certificate of public convenience and necessity. The certificate was sought, in an application filed September 20, 1956, to allow plaintiff to operate as a common carrier by motor vehicle of general commodities, with exceptions, from Chicago to Denver and of specified commodities from Denver to Chicago. The plaintiff expected that his new service would be superior, providing second morning delivery in Denver.

The examiner held formal hearings in Denver on January 14 and 15, and May 20 to 23, 1957. The examiner recommended that the application be denied on the ground that the plaintiff had failed to prove inadequacy of the present service. Plaintiff filed exceptions to the examiner's report. The Commission adopted the examiner's statement of facts and denied the application. On August 29, 1958, the Commission denied plaintiff's petition for reconsideration. On April 23, 1959, a complaint was filed and on May 12, 1959, the amended complaint now before the court was filed.

The amended complaint alleges that the action of the Commission was "contrary to and unsupported by the evidence and the law, arbitrary, capricious, an abuse of discretion, and a mere expression of personal will contrary to the facts and the law pertinent hereto" and that plaintiff was entitled to the certificate. Plaintiff asks for an Order directing the Commission to grant the application.

The statute here involved, 49 U.S.C.A. § 307(a) provides in pertinent part:

"* * * a certificate shall be issued to a qualified applicant therefor * * * if it is found * * * that the proposed service * * * is or will be required by present or future public convenience and necessity; otherwise such application shall be denied * * *."

■ Under this section the Commission possesses discretionary authority in determining whether the public interest warrants certification of any particular proposed service. Interstate Commerce Commission v. Parker, 326 U.S. 60, 65 S.Ct. 1490, 89 L.Ed. 2051. And under the Administrative Procedure Act, 5 U.S. C.A. § 1009(e), findings by the Commission supported by substantial evidence are conclusive. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; Scott Truck Line, Inc. v. United States, D.C.Colo., 163 F.Supp. 118; Interstate Commerce Commission v. Union Pacific Railroad Company, 222 U.S. 541, 548, 32 S.Ct. 108, 56 L.Ed. 308.

■ Under the statute here involved an *inadequacy of existing facilities* is a basic ingredient in the determination of public necessity. Hudson Transit Lines, Inc. v. United States., D.C.S.D.N.Y., 82 F.Supp. 153, affirmed 338 U.S. 802, 70 S.Ct. 59, 94 L.Ed. 485.

■ The basis of denial of the certificate was failure of plaintiff to prove existing facilities inadequate. We are of the opinion that there is substantial evidence in the record to support that finding. There was some evidence by shippers that the transit time from Chicago to Denver varied from two to eight days. But as was pointed out by the examiner the shippers either did not present documentary evidence supporting their testimony or presented it only as to part of the deliveries to them. Nevertheless, it does appear that much of the service was not two-day service. However, it appears from the record that consistent two-day service is available from certain of the carriers, thus providing adequate service to shippers who are willing to seek out such service. There was testimony that Knaus Truck Lines, Ringsby Truck Lines, Riss and Company, and Pacific Intermountain Express provided two-day service. Furthermore, there was a considerable amount of documentary evidence showing adequacy of the present service by certain carriers. Exhibits tabulating shipments by Prucka Transportation, Inc. established a consistent two-day service. Exhibits submitted on behalf of Navajo Freight Lines, Interstate Motor Lines, Independent Truckers, Denver-Chicago Trucking Company, Illinois-California Express and others indicated that two or three day service was given in the great majority of instances. The record also discloses that the Railway Express Agency rendered one or two-day service from Chicago to Denver. The evidence of transit time from Chicago to Denver is particularly important since plaintiff expects eastbound traffic to be light and is relying on the need for

Chicago to Denver service to justify the grant of a certificate.

The evidence also showed that the movement involved was over 1,000 miles and that there is considerable congestion in the Chicago area causing a great deal of delay in making pickups over an extensive territory. This evidence indicated the adequacy of the present service by showing that the plaintiff is unlikely to improve upon service already offered in this highly competitive field.

Thus, substantial evidence as required by the cases above cited sustains the Commission's conclusion that present service is adequate and that public convenience and necessity would not be served by issuance of a certificate to the plaintiff. It is therefore unnecessary to consider the other matters presented.

This opinion shall constitute the Court's findings of fact and conclusions of law, as required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The relief prayed for in the complaint is denied and plaintiff's cause of action is dismissed.